UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES A. BUCK, JR., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:06CV01285 ERW |
| ) | |
| INTERNAL REVENUE SERVICE, et al., ) | |
| ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment [doc. #7].

## **I. BACKGROUND FACTS**[1]

Plaintiff James A. Buck, Jr. ("Plaintiff") was formerly employed by the Internal Revenue Service who is the Defendant in this case, through Henry M. Paulson, the Secretary of Department of the Treasury ("Defendant"). Plaintiff was employed by the Small Business Self Employed ("SBSE") division during the relevant time period. While in this position Plaintiff filed three EEOC complaints alleging discrimination on the basis of race and sex, for the failure of the SBSE to select Plaintiff for the Revenue Agent Grade 13 position. These were filed on June 13, 2003, February 14, 2004, and March 29, 2004.

Plaintiff was managed by Joseph Folk ("Mr. Folk"), from March 2002 through February 28, 2005. Mr. Folk issued Plaintiff's yearly evaluations for 2003 and 2004. Mr. Folk also had

---

[1]The Court's recitation of the facts is taken from Defendant's Statement of Uncontroverted Material Facts and Plaintiff's Statement of Material Facts, as well as the responses filed to each.

1

numerous discussions with Plaintiff, throughout this time period, during which he expressed concerns regarding the low number of cases Plaintiff had active, management of his cases, and work efficiency. These are memorialized in a number of Employee Performance Folder Record ("EPFR") Evaluations. On February 22, 2005, Mr. Folk issued a Performance Improvement Plan ("PIP") for Plaintiff, due to Plaintiff's failure to meet two Critical Job Elements ("CJE"). Following the issuance of the PIP, an Opportunity to Improve Letter was Issued. On February 28, 2005, Danielle Douglass ("Ms. Douglass") was assigned as Plaintiff's new manager. During the PIP period, Plaintiff was also assigned Kelvin Jackson, a senior tax agent, as a mentor.

Notwithstanding the aid Plaintiff was given, Plaintiff was deemed to have failed the PIP, and on September 7, 2007, Victoria Gally, Plaintiffs' second level supervisor, proposed Plaintiff's removal. The final determination was made by Faris Fink, Director, Examination-Midwest, Ms. Gally's superior. Plaintiff was given an opportunity to respond to Ms. Gally's proposal through both a written and oral reply; Plaintiff took advantage of both opportunities. On January 3, 2006 Fink determined that the charges by Ms. Gally of unacceptable performance were sustained. On January 5, 2006, Plaintiff applied for discontinued service retirement, and Plaintiff was separated from the Agency. On January 6, 2006, Plaintiff appealed the action before the Merit Systems Protection Board ("MSPB"), where Administrative Law Judge Stephen Manrose affirmed the Agency's action.

## II. PROCEDURAL HISTORY

Plaintiff filed this lawsuit against Henry M. Paulson, Secretary of the Department of Treasury, and the Internal Revenue Service, on August 25, 2006, challenging his removal from the Internal Revenue Service ("the Agency"). Plaintiff has challenged the Agency's action on the basis that the Merit Service Protection Board's Decision to uphold Plaintiff's removal was

improper, and on the basis that it was discriminatory. On August 8, 2007, Defendant filed the pending Motion for Summary Judgment. The case is set for a jury trial on November 5, 2007. The Court will now address the pending motion.

**III. STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Citrate*, 477 U.S. 317, 322 (1986). The United States Supreme Court has noted that "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327 (quoting Fed. R. Civ. P. 1). "By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one such that "a reasonable jury could return a verdict for the nonmoving party." *Id*. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in

its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 249. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In fact, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 324. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

## IV. DISCUSSION

Plaintiff raises three distinct claims in his complaint. First, Plaintiff alleges that the Merit Service Protection Board's Decision to uphold Plaintiff's removal was improper as it was not based on substantial evidence. Secondly, Plaintiff alleges that he was removed because of his race, in violation of federal law. Thirdly, Plaintiff alleges that he was removed in retaliation for filing numerous Equal Employment Opportunity Commission ("EEOC") complaints. The Court will address each allegation in turn.

### A. Merit Service Protection Board's Decision

The MSPB determined that the decision to remove Plaintiff from employment was proper due to Plaintiff's unacceptable job performance. Plaintiff disputes that this decision was proper, arguing that the evidence does not support such a finding. Defendant argues that the evidence does support such a finding, and that the Court has limited review of the MSPB's decision.

The United States Code provides for judicial review of the MSPB's decision. 5 U.S.C. § 7703(a)(1) ("Any employee or applicant for employment adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision."). Generally, a decision is appealed directly to the Federal Circuit Court of Appeals, however, in cases alleging discrimination, the case may be heard before a district court. 5 U.S.C. § 7703(b)(1) & (2). The statute provides that:

> the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c)(1)-(3). "Judicial review of MSPB decisions is narrow in scope. We will affirm rational decisions to dismiss federal employees if applicable procedures were followed and substantial evidence supports the MSPB's determination." *Jones v. Farm Credit Administration*, 702 F.2d 160, 162 (8th Cir. 1983); *see also Romero v. Department of the Army*, 708 F.2d 1561, 1563 (10th Cir. 1983). In a case involving both discrimination and nondiscrimination claims, "[t]he district court reviews the discrimination claim de novo and the nondiscrimination claim on the administrative record under 5 U.S.C. § 7703(c)." *Mason v. Frank*, 32 F.3d 315, 317 (8th Cir. 1994).

The statute requires that the MSPB's decision be supported by substantial evidence. 5 U.S.C. § 7703(c)(3). The Supreme Court has described substantial evidence as "more than a

5

mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. of New York v. National Labor Relations Board*, 305 U.S. 197, 217 (1938); *see also Ratliff v. Jefferson Pilot Financial Ins. Co.*, 489 F.3d 343, 346 (8th Cir. 2007) ("Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal citations omitted)); *see also King v. Hartford Life and Accident Insurance Co.*, 414 F.3d 994, 999 (8th Cir. 2005).

Using the standard articulated above, the Court concludes that the MSPB's decision was supported by substantial evidence. Plaintiff's immediate supervisor, Mr. Folk, repeatedly observed problems with Plaintiff's performance as early as 2002. Mr. Folk also repeatedly advised Plaintiff of specific areas in which Plaintiff needed to improve his performance in order to perform his job adequately. When Ms. Douglas took over Plaintiff's supervision, she also noted problems with Plaintiff's performance. Each of Plaintiff's yearly reviews articulated a number of areas in which the Plaintiff's performance was considered unacceptable. The record before the Court shows that Plaintiff was given numerous opportunities to improve his performance, and failed to do so. He was placed on a Performance Improvement Plan, during which time he was provided additional assistance in working his cases, and was provided with a senior employee to serve as his mentor. Notwithstanding this assistance, Plaintiff's performance failed to improve. The United States Code requires that an agency provide a performance appraisal system, which establishes performance standards on the basis of objective criteria, through which an employee can be evaluated. 5 U.S.C. § 4302(b)(1)-(3). This code section further provides, that an agency may "remov[e] employees who continue to have unacceptable performance but only after an opportunity to demonstrate acceptable performance." 5 U.S.C. § 4302(b)(6). The Plaintiff was given this opportunity, and yet his performance failed to improve. The MSPB's determination is

supported by substantial evidence, therefore its decision is upheld, and Defendant is entitled to Summary Judgment on this claim.

**B. Discrimination**

Plaintiff also asserts that he was removed because of his race, and in retaliation for filing complaints with the EEOC. The Court will address each allegation in turn. As an initial matter, the Court notes that claims alleging discrimination, unlike claims alleging improper action by the MSPB, are reviewed *de novo*. 5 U.S.C. § 7703(c); *See also Mason*, 32 F.3d at 317. "[I]n the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court." 5 U.S.C. § 7703(c).

**1. Race**

Plaintiff argues that he was treated differently than a similarly situated white employee, and therefore that he has provided evidence of a prima facie case of race discrimination. Plaintiff asserts that there is sufficient evidence to support a jury finding in his favor, and therefore summary judgment is inappropriate. Defendant disputes Plaintiff's assertions on a number of bases. The Court will address each element required to support a claim of discrimination.

The Supreme Court in *McDonnell Douglas Corporation v. Green*, set forth a three part evidentiary inquiry to be used in addressing cases of disparate treatment discrimination. 411 U.S. 792 (1973).[2] The first burden is placed on the complainant to establish a prima facie case of race discrimination. *Id.* at 802. The burden then shifts to the employer to articulate a

---

[2]The burden-shifting framework articulated in *McDonnell Douglas* is applicable to those cases which do not contain direct evidence of discrimination. The Plaintiff has not presented any evidence which directly establishes discrimination, and therefore the burden-shifting framework is applicable.

nondiscriminatory reason for the employer's employment decision. *Id*. If the employer is able to articulate a nondiscriminatory reason, then the burden shifts back to the employee to show that the reason was pretextual. *Id.* at 807. In order to establish a prima facie case of discrimination, the Plaintiff must show that "(1) he is a member of a protected class, (2) that he was meeting the employer's legitimate job expectations, (3) that he suffered an adverse employment action, and (4) that similarly situated employees outside the protected class were treated differently." *Tolen v. Ashcroft*, 377 F.3d 879, 882 (8th Cir. 2004).

The Court finds that the Plaintiff has provided evidence which establishes a prima facie case of discrimination. Plaintiff is an African American, and was removed from employment, satisfying the first and third requirements of a prima facie case. The evidence is clear that the Plaintiff was not meeting his employer's legitimate expectations at the time of his removal. However, the Plaintiff has provided evidence of a similarly situated employee, who was also not meeting the legitimate expectations of his employer, who was treated more favorably than Plaintiff. Plaintiff has provided evidence of a white employee, Mr. Leeker, who was not removed. Mr. Leeker was employed in the same department as Plaintiff, reported to the same supervisor, and received negative performance reviews. Additionally, Mr. Leeker was placed on a PIP, which he failed to complete. However, unlike Plaintiff, Mr. Leeker was not terminated, but rather was reassigned to the money-laundering group, with which he had prior experience. In establishing a prima facie case, the Plaintiff "has the burden of demonstrating that there were individuals similarly situated in all relevant aspects to [him] by a preponderance of the evidence." *Clark v. Runyon*, 218 F.3d 915, 918. "Specifically, the individuals used for comparison must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing factors." *Id.* Plaintiff has satisfied this burden.

Mr. Leeker's situation was substantially similar to Plaintiff's, and unlike Plaintiff, Mr. Leeker was reassigned rather than terminated. Defendant's attempts to distinguish the two employees are unpersuasive.

Since Plaintiff has provided evidence of a prima facie case, the burden shifts to the Defendant to show a nondiscriminatory reason for the employment decision. *McDonnell Douglas Corp.*, 411 U.S. at 802. In this case, Defendant has stated that Plaintiff was not qualified to perform the position. This is supported by the evidence, and therefore satisfies Defendant's burden.

The last step in the analysis shifts the burden back to Plaintiff to provide evidence, sufficient to support a jury finding in his favor, that Defendant's proffered reason for removal was pretextual. *McDonnell Douglas Corp.*, 411 U.S. at 807. Plaintiff is unable to meet this burden. There is substantial evidence in the record to show that Plaintiff was unable to perform the requirements of his position within the agency. The evidence is also undisputed that Plaintiff's supervisors gave him numerous opportunities to improve his performance. The fact that Mr. Leeker was reassigned is not sufficient to show that the proffered reason for Plaintiff's removal was pretext. Defendant was under no obligation to provide Plaintiff with an alternate position when he was unable to perform the duties of his current position. Therefore, Plaintiff's race discrimination claim is dismissed.

### 2. Reprisal

Plaintiff's final allegation is that he was terminated because he filed three EEOC complaints against members of the Agency. The same *McDonnell Douglas* framework is used, however, the requirements for establishing a prima facie case are distinct. *See Equal Employment Opportunity Commission v. Kohler Co.*, 335 F.3d 766, 772 (8th Cir. 2003). In order to establish

a prima facie case for retaliatory discharge, the Plaintiff must show that: "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the adverse employment action and the protected activity." *Id.* The burden-shifting approach then applies as articulated above. *Id*. at 773; *see also Gilooly v. Missouri Department of Health and Senior Services*, 421 F.3d 734, 739 (8th Cir. 2005) ("The defense may rebut a plaintiff's claim by advancing a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant can show a legitimate reason, the plaintiff must show that the given reason was only a pretext for discrimination." (internal quotation omitted)).

The first two elements of Plaintiff's prima facie case are easily satisfied. Plaintiff engaged in statutorily protected activity, filing a complaint with the EEOC, and suffered an adverse employment action, removal. The key inquiry is whether Plaintiff has provided evidence of a causal connection between the three EEOC complaints, and his removal. There were three individuals that were mainly involved in the decision to remove Plaintiff from employment. His two immediate supervisors, Mr. Folk and Ms. Douglas, and his second level supervisor, Ms. Gally. Neither of Plaintiff's immediate supervisors were named in the EEOC complaints, although they were aware that Plaintiff had filed the complaints. Ms. Gally, was named as the selecting official in one of Plaintiff's complaints.[3] All three of Plaintiff's complaints before the EEOC related to the Agency's failure to select Plaintiff for a Revenue Agent Grade 13 position.[4] Plaintiff's three complaints were dated June 13, 2003, February 18, 2004, and March 29, 2004.

---

[3]Defendant disputes that Mr. Folk had knowledge of Plaintiff's EEOC complaints. However, there is sufficient evidence to support a jury finding that he was aware of them, and therefore the Court assumes this to be true for purposes of the pending motion for summary judgment.

[4]Plaintiff was a Revenue Agent Grade 12 position.

Ms. Gally recommended that Plaintiff be removed for unacceptable performance on September 7, 2005, and this decision became final on January 6, 2006.

"To prove a causal connection under the third element, a plaintiff must prove that an employer's retaliatory motive played a part in the adverse employment action." *Gilooly*, 421 F.3d at 739. However, direct evidence is not required, rather "evidence that gives rise to an inference of retaliatory motive . . . is sufficient to prove a causal connection." *Id*. at 739-740 (quoting *Kipp v. Missouri Highway & Transportation Commission*, 280 F.3d 893, 896-97 (8th Cir. 2002)). Although direct evidence is not required, "more than a temporal connection is required to present a genuine factual issue on retaliation." *Kipp*, 280 F.3d at 897 (internal citation omitted). The Eighth Circuit further held in *Kipp* that "the interval of two months between the complaint and Ms. Kipp's termination so dilutes any inference of causation that we are constrained to hold as a matter of law that the temporal connection could not justify a finding in Ms. Kipp's favor on the matter of a causal link." *Id.*

In the case at bar, Plaintiff has not presented the court with any evidence of a causal connection. The only evidence provided is that Ms. Gally was named in one of the EEOC complaints, and that Plaintiff's two immediate supervisors knew about the complaints. This does not show any retaliatory motive, nor does it give rise to an inference of a retaliatory motive. Furthermore, there is no temporal connection between Plaintiff's EEOC complaints, and his removal. The recommendation that Plaintiff be removed was made seventeen months after his last complaint. Therefore, the Court concludes that Plaintiff cannot establish a prima facie case of retaliatory discrimination, and Defendant is entitled to summary judgment.

## V. CONCLUSION

The Court concludes that Plaintiff has not presented a genuine issue of material fact regarding his race and reprisal discrimination claims against the Agency. Plaintiff was unable to adequately perform the required functions of his job, and therefore it was within the Agency's discretion to remove Plaintiff from employment. The Court recognizes that while the Agency could have placed Plaintiff in a different position, they were not obligated to do so. Furthermore, the Court finds that the MSPB's determination, that Plaintiff's removal was the appropriate response to Plaintiff's inadequate performance, is supported by substantial evidence. Therefore, Defendant's Motion for Summary Judgment is granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [doc. #7] is **GRANTED**.

Dated this 10th Day of October, 2007.

                                                                                            _E. Richard Webber_
                                                                                            E. RICHARD WEBBER
                                                                                            UNITED STATES DISTRICT JUDGE